T.C. Summary Opinion 2002-37

UNITED STATES TAX COURT

STEVEN GENORIS WILKERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8121-01S.                    Filed April 8, 2002.

Steven Genoris Wilkerson, pro se.

<u>Kenneth L. Bressler</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered in this case is not reviewable by any
other Court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal
income tax in the amount of $3,144 for 2000.

---

[1]  Unless otherwise indicated, section references
hereafter are to the Internal Revenue Code in effect for the year
at issue.

The issues for decision are: (1) Whether petitioner is entitled to a claimed dependency exemption deduction under section 151; (2) whether petitioner is entitled to head-of-household filing status under section 2(b); (3) whether petitioner is entitled to the earned income credit under section 32(a); and (4) whether petitioner is entitled to the child care credit under section 21.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Dallas, Texas.

On his Federal income tax return for 2000, petitioner claimed a dependency exemption deduction for a child, Christopher Simon (Christopher), who was identified on the return as petitioner's son. Petitioner also claimed an earned income credit and a child care credit based on Christopher as the qualifying person. Finally, petitioner claimed head-of-household filing status. In the notice of deficiency, respondent determined that petitioner was not entitled to the claimed dependency exemption deduction, that Christopher was not a qualifying child for purposes of the claimed earned income and child care credits, and that petitioner's filing status was single rather than head-of-household.

The claimed dependent, Christopher, was born on April 21, 1987. His birth certificate, which was offered into evidence, does not list a father. The mother listed on the certificate is Sonja Michelle Simon.

Petitioner was never legally married to Sonja Michelle Simon, although the two had lived together for several years and had one son, who was not claimed by petitioner as a dependent on the tax return at issue in this case. At the time Christopher was born, petitioner and Sonja Michelle Simon were no longer living together. However, petitioner claims his entitlement to the dependency exemption for Christopher and the related credits based on his relationship with Sonja Michelle Simon, which he described at trial as follows:

> THE WITNESS: We're common-law married and have been since I was 16. We have one son together and Christopher came along after we broke up.
>
> THE COURT: So you're not the father of Christopher?
>
> THE WITNESS: I couldn't tell you that. I never pursued it. As I told the attorney, I didn't pursue a blood test or any of that. I just claim he is my stepson. And I take care of him. Because the person that she's saying is his father is nowhere in the picture. So I take care of him like I take care of my son.

During 2000, petitioner lived with his mother in a house owned by petitioner's brother. The rent for use of the house was the amount of the monthly mortgage payment, which was $750 per

month.  Petitioner contends he paid $300 per month for his part of the rent and paid one of the utility bills each month, including some amount for food.  The remainder was paid by his mother.  Christopher did not live with petitioner on a full-time basis, which petitioner acknowledges.  Petitioner testified that Christopher was "in and out of the house" throughout the year and estimated that Christopher lived with him, on this basis, for at least 6 months of the year.  No documentary evidence was submitted establishing the exact amount of time Christopher lived with petitioner during 2000, nor was any evidence presented to establish the amount of support petitioner provided to Christopher during the year, as well as the amount of support provided by others, including petitioner's mother and the child's mother, and any other outside sources.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the taxable year in which such individuals are claimed as dependents.  Eligible individuals who may be claimed as dependents include, among others, a son or stepson of the taxpayer.  See sec. 152(a)(1) and (2).  If a claimed dependent is not within the category of relationships listed in section 152(a)(1) through (8), section 152(a)(9) provides generally that

an individual may nevertheless qualify as a dependent if such individual, for the entire taxable year, had "as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household."  Sec. 152(a)(9); sec. 1.152-1(b), Income Tax Regs.  Also, a foster child is treated as a child of the taxpayer if the child satisfies the requirements of section 152(a)(9).  Sec. 152(b)(2).

Section 1.152-1(a)(2)(i), Income Tax Regs., provides that, in determining whether an individual received over half of his support from the taxpayer, "there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied."  In Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971), this Court held that, in establishing that more than one-half of a dependent's support has been provided, a prerequisite to such a showing is the demonstration by competent evidence of the total amount of the dependent's support from all sources for that year.  If the amount of total support is not established and cannot be reasonably inferred from competent evidence available to the Court, it is not possible to conclude that the taxpayer claiming the exemption provided more than one-half of the support of the claimed dependent.

The Court is not satisfied from the evidence that petitioner provided more than half of the support for Christopher during the year at issue.  Petitioner presented no evidence to show the total support that was provided to the child during 2000 and the amount he provided to establish that such amount met the one-half threshold required under section 152(a).  Moreover, the evidence does not satisfy the Court that Christopher was petitioner's son or stepson.  Although section 152(a)(9) allows a dependency exemption for a person who is not a child or other allowed relative of the taxpayer, that provision requires as a condition for the dependency exemption that the claimed dependent, for the entire taxable year, had as his principal place of abode the home of the taxpayer and was a member of the taxpayer's household. Petitioner's evidence does not satisfy the Court that Christopher was a member of petitioner's household or had his principal place of abode with petitioner for the year 2000.  Likewise, Christopher does not qualify as a foster son pursuant to section 152(b)(2).  The Court, therefore, sustains respondent on the dependency question.

Section 2(b) provides generally that an individual shall be considered a head-of-household if, among other requisites not pertinent here, such individual maintains as his home a household that constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of an

unmarried son or stepson of the taxpayer, or of any other person who is a dependent of the taxpayer if the taxpayer is entitled to a dependency exemption deduction for such person under section 151. See sec. 2(b)(1)(A)(i) and (ii). In the preceding discussion, the Court found that petitioner had not established that Christopher was his son or stepson, nor had petitioner established that he had provided more than half of Christopher's support during 2000, as a result of which, petitioner was not entitled to the dependency exemption deduction for Christopher. Consequently, petitioner is not eligible for head-of-household filing status for 2000. Respondent is sustained on this issue.

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. Sec. 32(c)(3). To satisfy the residency test, the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year in which the credit is claimed. Sec. 32(c)(3)(A)(ii). The record does not establish that petitioner's home was the principal place of abode for Christopher for more than one-half of the 2000 tax year. Moreover, since petitioner

did not establish that Christopher was his son or stepson, the only other possibility for petitioner to claim the credit would be to establish that Christopher was his foster child. Christopher, however, would not qualify as a foster child of petitioner because, under section 32(c)(3)(B)(iii)(I), (III), Christopher was not placed with petitioner by an authorized placement agency, and Christopher did not have the same principal place of abode as petitioner for the entire taxable year. Petitioner, therefore, is not entitled to the earned income credit. Respondent is sustained on this issue.[2]

Section 21(a) generally provides for what is sometimes referred to as the child care credit, which is a credit against the tax and is allowed to an individual who maintains a household that includes as a member one or more qualifying individuals. The term "qualifying individual", under section 21(b)(1), includes a dependent of the taxpayer under age 13, with respect to whom the taxpayer is entitled to a dependency deduction under section 151(c). The allowable credit, under section 21(b)(2), generally is based upon employment-related expenses that are

---

[2] Sec. 32(c)(1)(A)(ii) allows the earned income credit to a taxpayer who does not have a qualifying child. However, in order for a taxpayer to be eligible for a credit pursuant to sec. 32(c)(1)(A)(ii), his adjusted gross income must not exceed the limitations of sec. 32(a). In this case, with no qualifying children, petitioner's earned income exceeded the phaseout amount provided in sec. 32(b)(2).

incurred to enable the taxpayer to be gainfully employed, including expenses incurred for the care of a qualifying individual. Since petitioner is not entitled to the dependency exemption for Christopher, he is not entitled to the child care credit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>